## GEORGE *vs.* SARGENT & a.

In a writ of entry against two, one was defaulted, and the other pleaded the general issue, and set up title in himself.—*Held*, that if this defence was sustained, the plaintiff could not have judgment against the one who was defaulted, and that the latter, therefore, had an interest, and could not be a witness for his codefendant.

WRIT OF ENTRY, to recover a tract of land in Sutton.

Asa Sargent, one of the defendants, was defaulted.   Reuben Sargent, the other defendant, pleaded *nul disseizin.*

The plaintiff claimed the land by virtue of a levy of an execution upon the same, in his favor, against said Asa Sargent.

Reuben Sargent set up a title by a conveyance of the same from one Henry White, prior to said levy.

The plaintiff contended that the conveyance to Reuben Sargent was intended to defraud the creditors of Asa, and that Asa furnished the purchase money, but directed the conveyance to be made to Reuben, his son, for the above purpose.

Reuben offered Asa Sargent as a witness, to which the plaintiff objected; but he was admitted, and testified that Reuben furnished the purchase money of the farm, and that the witness acted only as agent for Reuben, and had no interest in the land.

The jury returned a verdict for the defendant, and the plaintiff moved for a new trial on the ground that Asa Sargent was improperly admitted as a witness.

*Bartlett,* for the plaintiff, cited 2 *N. H. Rep.* 283; 12 *Maine R.* 412; 10 *Pick.* 57; 4 *Taunt. R.* 752; 3 *Taunt.* 139; *Dutton's Digest* 429; 10 *Johns.* 95.

*Perley,* for Reuben Sargent, cited *Jackson on Real Actions* 25; 2 *Esp.* 552; *Bull. N. P.* 285.

PARKER, C. J. The opinion which has just been delivered in *Bowman* vs. *Noyes* shows that the ruling in this case, also, cannot be sustained. The defendant, Asa Sargent, was not a competent witness for the other defendant, because the defence was of a character, if true, to show that the plaintiff was not entitled to maintain the action against either of the defendants. Reuben Sargent, by his plea, admitted himself to be in possession claiming a freehold. If that defence is maintained, he is entitled to the possession against the plaintiff, and the plaintiff is attempting to recover the possession when he has no right of entry. If the defence is maintained, the record itself would seem to show that the plaintiff had no cause of action; and in such case the authorities are express that he cannot have judgment against another defendant, notwithstanding the default. "Though one of several defendants suffers judgment by default, the judgment against him shall be arrested, if it afterwards appears upon the record that the plaintiff was not entitled to maintain the action against any of them." Thus: "In an action against several defendants for seizing and selling goods,

George *v.* Sargent.

if it appears upon the record that the plaintiff gave one of the defendants leave to take and sell them, he will be precluded from maintaining his action against any of them." 2 *Ld. Raym.* 1372, *Biggs* vs. *Benger ;* 1 *Strange* 610, *S. C.*

In trespass, for taking a gun and dagger from the plaintiff, one defendant justified that the plaintiff assaulted J. S. with them, and he took them in preservation of the peace, and for safeguard of the life of J. S., and the other pleaded not guilty. The jury found a verdict for the one who justified, and against the other, and a motion was made in arrest of judgment, on the ground that the action was against both jointly ; and the justification being found for the one, the other could not be guilty. "But notwithstanding this exception, the plaintiff had judgment, for in that he is found guilty, and cannot take advantage of the justification, the action well lies : for it shall be intended the one found guilty took it at another time, without cause. But if the one defendant justifies by the gift of the goods, so as he destroys the plaintiff's title, and shows that he could not have cause of action, which is found accordingly for that defendant, although the other defendant be found guilty, yet no judgment shall be against him, because it appears to the court that he had not any cause of action." *Cro. Jac.* 134, *Marler* vs. *Ayliffe.*

"Covenant brought against two, and judgment by default against one, the other pleads performance, which is found, the plaintiff shall not have judgment against the other." 1 *Levinz R.* 63, *Porter* vs. *Harris.*

The soundness of the principle upon which the cases in Lord Raymond and Levinz proceed, does not seem to admit of question, notwithstanding an anonymous case, 1 *Salk.* 23.

In the present case, if Reuben Sargent should maintain his plea, it may well be inferred, from the record alone, that the plaintiff is not entitled to maintain the action against Asa Sargent, to recover any part of the land ; for if Reuben was in possession, and had a freehold estate in the whole land when the action was brought, and could thereby defeat the

plaintiff's action, the plaintiff could not have been entitled to maintain a writ of entry against either of the defendants to recover the possession. If Asa S. had previously disseized the plaintiff, and Reuben, with a better title than either, entered, the plaintiff could not, by any judgment he might obtain against Asa, turn out one whose title was better than his own. Should this verdict stand, and should we now render judgment on default against Asa, the plaintiff could have no benefit of that judgment, except in the matter of costs. Should he enter by his writ of possession, and turn Asa out of possession, he would be a trespasser on the freehold of Reuben, and could not lawfully retain the possession for an instant. But Asa having the consent of Reuben, has a good right to remain on the land, if the latter has title ; and the plaintiff should not therefore be entitled to costs on the default, because he would not in that case be entitled to any thing to which costs are incident.

It is said, (*Co. Litt.* 125, *b.*) that in a plea personal " if one plead a plea which excuses himself only, and the other pleads another plea, which goeth to the whole, the plea which goeth to the whole shall be first tryed ; for if that be found, it maketh an end of all, and the other defendant shall take advantage hereof, because the discharge of one is the discharge of both. But in a plea reall it is otherwise ; for every tenant may lose his part of the lands. As if a *præcipe* be brought as heire to his father against two, and one pleads a plea which extendeth but to himselfe, and the other pleads a plea which extends to both, as bastardy in the demandant, and it is found for him, yet the other issue shall be tryed, for he shall not take advantage of the plea of the other, because one joyntenant may lose his part by his misplea." But this does not seem to apply in the present case. For here the defendant, Reuben Sargent, by his plea admits himself to be in possession of the whole, claiming a freehold in the whole ; and if his plea is maintained, the plaintiff cannot have judgment for a moiety, or any undivided part, on the default of Asa. He

will not be entitled to be put in possession by a judgment of law, as a tenant in common with Reuben Sargent, merely because he has brought his action against another also, who has seen fit to let a default be entered.

If, therefore, this verdict should stand, the record itself would show that the plaintiff is not entitled to judgment against Asa, having no right of entry. But if this was not to be inferred from the import of his plea, the actual defence, and the matter offered in evidence, went as much to show that the plaintiff was not entitled to maintain the action against Asa, as to show that he was not entitled to judgment against Reuben. If true, and so found by the verdict, it proved that the plaintiff never had any title, nor any right of entry; Asa, against whom he made his levy, never having had any title. In such case, if Asa was upon the land as the mere servant of Reuben, the plaintiff was not entitled to turn him out; and where the plea is of a general character, and does not spread the defence at large on the record, the court ought so far to take notice of the actual defence under it as not to render judgment for a plaintiff who is clearly shown by the verdict to have had no right of action. *Bowman* vs. *Noyes, ante* 302.

Asa Sargent, therefore, had an interest, and as the ruling admitting his evidence was erroneous, there must be a

*New trial.*